UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-40079-RGS

SUSAN J. MOSELEY

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA
and UNUM GROUP

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

March 2, 2023

STEARNS, D.J.

In August of 2020, defendants Unum Life Insurance Company of America and Unum Group (collectively, Unum) ceased providing disability benefits to plaintiff Susan Moseley pursuant to the mental illness limitation of her long-term disability policy. Moseley challenges this decision, arguing that Unum abused its discretion by finding that the basis for her disability is psychological rather than physical. Unum now moves for summary judgment, which in the ERISA context "is simply a vehicle for deciding the issue." *Kamerer v. Unum Life Ins. Co. of Am.*, 334 F. Supp. 3d 411, 420 (D. Mass. 2018), quoting *Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 517 (1st Cir. 2005). For the following reasons, the court will deny Unum's motion and enter judgment for Moseley.

## DISCUSSION

Where, as here, "the underlying plan affords the insurer discretion to determine eligibility for benefits, a federal court reviews an insurer's termination decision under a deferential arbitrary and capricious standard." *Ovist v. Unum Life Ins. Co. of Am.*, 14 F.4th 106, 117 (1st Cir. 2021) (cleaned up). The touchstone of the arbitrary and capricious standard is reasonableness. *See Ortega-Candelaria v. Johnson & Johnson*, 755 F.3d 13, 20 (1st Cir. 2014). The question is not which side the court believes is right, but "whether the [administrator] had substantial evidentiary grounds for a reasonable decision in its favor." *Id.* (alteration in original), quoting *Matías–Correa v. Pfizer, Inc.*, 345 F.3d 7, 12 (1st Cir. 2003).

Here, the court need not get into the substance of Unum's determination because Unum's failure to provide Moseley with an independent medical examination (IME) upon request constituted procedural error and rendered Unum's benefits determination inherently arbitrary and capricious. *See Lavery v. Restoration Hardware Long Term Disability Benefits Plan*, 937 F.3d 71, 78 (1st Cir. 2019) (recognizing that procedural unreasonableness is an "important factor to consider in deciding whether to set aside a discretionary decision"). The court accordingly will remand for Unum to allow an IME and reassess Moseley's disability claim.

*See Spanos v. TJX Companies, Inc.*, 220 F. Supp. 2d 67, 73 (D. Mass. 2002) ("It has been held that 'if significant procedural errors exist, the appropriate remedy is to remand the case to the plan administrator to remedy the defects.'"), quoting *Dabertin v. HCR Manor Care, Inc.*, 177 F. Supp. 2d 829, 844-847 (N.D. Ill. 2001).

   a. **The failure to provide Moseley with an IME upon request was error.**

Unum's Regulatory Settlement Agreement (RSA) with several states, including Massachusetts, unambiguously states that "[a]n IME . . . should be sought whenever . . . [t]he claimant or the AP requests an IME, either directly or through the claimant's representative." *See* A.R. (Vol. III) at 621 [Dkt # 11-3]; *see also* A.R. (Vol. III) at 621-622 ("An independent medical examination . . . of the claimant should be sought whenever there is lack of agreement [with an attending physician] and the opinion of the Company's medical professionals involved in the claim file is the primary basis for the denial or termination of benefits . . . ."). When Moseley requested an IME, however, Unum denied the request, reasoning that "a current IME would not assess your client's functional capacity from more than a year and a half ago when she was still receiving benefits and the policy was still in force." A.R. (Vol. X) at 4012 [Dkt # 11-10].

Even assuming the RSA allows Unum to deny an express IME request from a claimant (the court is not convinced that it does), the denial of Moseley's request cannot be considered anything but erroneous given the inadequacy of Unum's purported rationale. The parties did not dispute functional capacity – they agreed that Moseley was (and continuously had been for two years) disabled. The issue instead was the *basis* for that functional capacity, *i.e.*, whether her disability arose from a psychological condition or a physical condition.[1]

### b. Unum's decision was procedurally unreasonable in light of the error.

Having found error, the court must assess whether it rendered Unum's decision arbitrary and capricious. The First Circuit has framed the inquiry as, "To what extent has [Unum] conducted itself as a true fiduciary attempting to fairly decide a claim, letting the chips fall as they may?" *Lavery*, 937 F.3d at 79.

The court cannot say that Unum acted as a true fiduciary in reviewing Moseley's claim. Unum's adverse determination hinged, at least in part, on

---

[1] To the extent Unum might suggest that a current IME would also not assess the basis for Moseley's functional capacity, it is not clear why, with an alleged ongoing physical condition like chronic and persistent Lyme disease, circumstances would significantly change in the course of a year when they had apparently remained consistent enough to support a disability finding for the preceding two years.

4

the alleged lack of objective medical evidence to support a diagnosis of Lyme disease. For example, Unum noted that laboratory tests from 2015 had come back negative for Lyme disease and that Moseley did not appear to have experienced any of the classic physical manifestations of Lyme disease, such as joint swelling, facial palsy, meningitis, or cranial neuritis.[2] An IME could have remedied these alleged deficiencies – an independent examiner presumably would have performed additional laboratory testing and made findings directly addressing Moseley's physical condition. As the only plausible reason the court can think of to deny Moseley an IME under these circumstances would be a desire (as the ultimate benefit payor) to prevent her from having the opportunity to supplement the record to bolster her claim, the court finds Unum's decision arbitrary and capricious.

---

[2] In the process, Unum cursorily rejected Dr. Jemsek's reports of "head/neck 'neuro-irritability,' ptosis, and nasiolabial flattening" because "no other providers including, neurology or otolaryngology, note these findings or other findings suggestive of facial palsies, meningitis, or cranial neuritis." A.R. (Vol. X) at 4037. The court is not convinced that this assertion is borne out by the record even as it currently stands, but either way, Unum should have provided Moseley with the opportunity to substantiate Dr. Jemsek's findings once she requested an IME.

## ORDER

For the foregoing reasons, Unum's motion for summary judgment is <u>DENIED</u>.  The case is remanded to Unum for further proceedings consistent with this opinion.  Moseley may file a separate motion for attorneys' fees and costs.

SO ORDERED.

<u>Richard G. Stearns</u>
UNITED STATES DISTRICT JUDGE